**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0148n.06
Filed: February 20, 2007

**06-1659**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**


WILLIAM L. GILL,                                    )
                                                   )
    Plaintiff-Appellee,                     )
                                                   )
v.                                                 )    ON APPEAL FROM THE UNITED
                                                   )    STATES DISTRICT COURT FOR THE
PONTIAC POLICE OFFICERS                             )    EASTERN DISTRICT OF MICHIGAN
LOCRICCHIO and MAIN,                               )
                                                   )
    Defendants-Appellants.                  )


Before:  DAUGHTREY and COOK, Circuit Judges, and WEBER,[*] District Judge.

PER CURIAM.   This interlocutory appeal is from the district court's denial of summary judgment to the defendant police officers, who were sued in their individual capacities for use of excessive force in the arrest of plaintiff William Gill.  Gill's complaint, filed pursuant to 42 U.S.C. § 1983, alleged that when he was stopped for a traffic violation, he "cooperated entirely" with the officers' instructions but that, despite his cooperation, the defendants "threw Plaintiff to the ground, beat him, kicked him, punched him and caused severe and debilitating injuries."  The defendants claimed qualified immunity and moved for summary judgment, contending that contrary to the allegations in the complaint, the

_____

[*]The Hon. Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

videotape of the arrest recorded by a camera mounted on their patrol car showed that the plaintiff was not compliant and that his resistance to their orders was the basis for their use of force to the extent necessary to effect Gill's arrest. The district court denied the motion for summary judgment, holding that:

> [T]aking the facts in the light most favorable to the non-moving party, a question of fact remains whether Defendants['] subsequent use of force, specifically the strikings [after the plaintiff was on the ground], was 'objectively reasonable' in light of the facts and circumstances of the situation; specifically whether Defendants only used the force necessary to effectuate an arrest.

Although the district court's description of the dispute makes it appear to be a legal one, *i.e.*, whether the force used was reasonable, what is actually disputed in this case is whether Gill resisted in a manner that justified the use of force as applied by the defendants. That, of course, is a factual issue.

When, in a § 1983 action for use of excessive force, there is a dispute of fact such as the one described above, we lack jurisdiction to review the question of qualified immunity on interlocutory appeal. *See Johnson v. Jones*, 515 U.S. 304, 319-20 (1995) (denial of qualified immunity on other than legal grounds is not appealable pursuant to 28 U.S.C. § 1291). The defendants argue that there can be no dispute of fact here, regardless of the plaintiff's argument to the contrary, because the videotape shows conclusively what happened during the arrest. However, a review of the videotape indicates that the disputed contact between the plaintiff and the officers was obscured by

the date and time stamp on the tape itself. Hence, that tape does not establish conclusively what the defendants contend, *i.e.*, that as a legal matter they are entitled to qualified immunity because the force used to arrest the defendant was not excessive.

Counsel for the defendants was asked at oral argument whether the defendants would be willing to accede to the plaintiff's version of the facts in order to permit resolution of the legal question that they present on appeal. Not surprisingly, counsel declined the invitation. It follows that we have before us a classic case of a non-reviewable issue under *Johnson v. Jones.* For this reason, the appeal is DISMISSED for lack of jurisdiction.